IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RODNEY COLLINS                                                                PLAINTIFF

v.                                      CASE NO. 4:08CV4228 BSM

MITCH WIDLER                                                              DEFENDANT


ORDER

Defendant/Counter-Plaintiff Mitch Widler ("Widler") moves for summary judgment (Doc. No. 18) and Plaintiff/Counter-Defendant Rodney Collins ("Collins") opposes the motion (Doc. No. 25).  Additionally, Collins  moves for partial summary judgment on the issue of liability (Doc. No. 29) and Widler opposes that motion (Doc. No. 34).  For the reasons stated below, Widler's motion for summary judgment is denied and Collins's motion for partial summary judgment is denied.

I.  FACTS

On July 17, 2008, Collins entered a real estate contract with Widler to purchase properly located at 1901 Hwy 291, Traskwood, Saline County, Arkansas, 72167 ("Traskwood") for $285,000.  Traskwood is a single tract property, divided into two parcels measuring 30.91 acres and 8.83 acres, respectively.  The parcels are divided by a 100 foot wide railroad and/or fiber optic transmission easement.  Further, a 1984 warranty deed reserves to the grantor all rights to any coal and mineral deposits.  Finally, a metal building measuring approximately 4,000 square feet extends across a portion of the easement.  Closing was initially set for September 14, 2008, but was rescheduled for September 28,

2008.

On September 22, 2008, Collins notified Widler that he believed Widler could not convey a fee simple interest in Traskwood because title was clouded by all of the easements and the building located on the property.  Collins, however, provided that he would be willing to perform his contractual obligations if Widler accepted one of three options, which in pertinent part are as follows:

- Mr. Widler could prepare the site for transfer by removing power lines, moving the building, and pay delay damages to Collins in the amount of $12,500 per month until the issue was resolved;

- Mr. Widler could prepare the site for transfer, acquires fee simple title to the disputed area, remove the power lines and all three easements in the right of way, and pay monthly delay damages until the issue is resolved; or

- Mr. Widler could reduce the purchase price by $165,000 to compensate Collins for releasing Widler of his responsibilities.  If Widler chose either (a) or (b) and neither of the first two attempts by Mr. Widler to achieve clean title succeeded, then delay damages would still be due on a monthly basis and Widler may then proceed with option (c).

On September 23, 2008, Collins deposited $285,000 into an escrow account at the West Little Rock Title Company as required by the contract.  Having received Collins's letter demanding additional action, Widler did not close on the property on September 28, 2008. Further, although Collins deposited the $285,000 into escrow and seemed ready to close on the property, nothing in the record indicates that he withdrew conditions set forth in his September 22nd letter.  Instead, Widler sold Traskwood to another purchaser approximately one year later for $270,000.

2

Collins sued Widler on December 23, 2008, alleging breach of contract for failing to: (1) close on the sale fo the property, (2) provide an owner's policy of title insurance in the amount of the purchase price, and (3) deliver a general warranty deed free of recorded easements which materially affect the value of the property and conveying all mineral rights.

Widler counterclaimed alleging that Collins breached the real estate contract when he failed to close on the property and that Collins improperly removed monies from escrow. Widler also alleges that Collins's complaint is fraudulent because Collins was aware of the easements in question and knew that they did not materially affect the market value of Traskwood.

Widler now moves for summary judgment arguing that the easements did not materially affect the value of the property and Collins moves for partial summary judgment, arguing that Widler breached the real estate contract when he failed to convey the property on September 28, 2010.

## II. SUMMARY JUDGMENT

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Christoffersen v. Yellow Book U.S.A.*, 536 F.3d 947, 949 (8th Cir. 2008)(citing Fed. R. Civ. P. 56; *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005)). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party demonstrates that there are no genuine issues of material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## III. DISCUSSION

The question presented is whether Collins's letter of September 22, 2008, repudiated the parties' July 17, 2008, real estate contract. It is pretty clear that after entering the contract, Collins huffed and puffed in an attempt to get a better deal. In doing so, it seems that he placed additional conditions on Widler to complete the sale of the property. When Widler declined to accept these conditions, Collins deposited the full purchase price into escrow in what seems to be an effort to force Widler to come back to the table and close the sale. At this point, Widler was having none of it and refused to complete the sale.

4

Both parties move for summary judgment; however, there are genuine issues of material fact at issue. Summary judgment is therefore inappropriate and should be denied.

A.      Widler's Summary Judgment Motion

Widler's motion for summary judgment is denied because it misses the point. Instead of addressing whether Collins's letter of September 22, 2008, was sufficient to repudiate the contract, he attempts to disprove the assumptions contained in the letter.

Widler submits the deposition of Tom Baxley, a licensed real estate broker, who states that the easements at issue do not effect on the value of Traskwood because they are abandoned. As proof, he points out that Widler later sold the property for $270,000. Baxter testified that the $15,000 price difference was due to a general downturn in the real estate market and was not attributable to the easements.

In response, Collins argues that the easements materially affect the value of the property and that Baxley's testimony is an inadequate basis for summary judgment. This is true because Baxley did not review the recorded documents before signing the affidavit and because his affidavit is inconclusive as to the effect of the easements on the property. Collins also argues that the ultimate $270,000 sales price does not prove that the property was not materially affected by the easements.

Widler's motion for summary judgment is denied because it fails to address the essential issue of this case.

B.      Collins's motion for Partial Summary Judgment

Collins's motion for summary judgment is denied because genuine issues of material fact exist as to whether Collins's September 22, 2008 letter repudiated his contract with Widler.   Indeed, very reasonable minds could find that Widler was released from his obligation to close on the sale of the property when he received Collins's letter stating that Collins would not close unless Widler took additional actions.   This is the case because the Arkansas Supreme Court has held that "[w]hen a party to a contract has, either by words or conduct, manifested an intention not to perform, the other party may treat the contract as ended."   *Cox v. McLaughlin*, 315 Ark. 338, 867 SW.2d 460 (1993); *Stocker v. Hall*, 269 Ark. 473, 602 S.W.2d 662 (1980); *See Barnes v. Barnes*, 311 Ark. 287, 843 S.W.2d 835 (1992)(holding that a client is bound by the actions of his attorney acting in his capacity as an agent).

## IV. CONCLUSION

For the reasons stated above, defendant Mitch Widler's motion for summary judgment (Doc. No. 18) is denied and plaintiff Rodney Collins's motion for partial summary judgment (Doc. No. 29) is denied.

IT IS SO ORDERED THIS 22nd day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE