**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RODNEY COLLINS                                                                         PLAINTIFF

v.                                   **CASE NO. 4:08CV4228 BSM**

MITCH WIDLER                                                                         DEFENDANT

## ORDER

Defendant Mitch Widler's ("Widler") motion to disqualify Christopher Travis ("Travis") as counsel for plaintiff Rodney Collins ("Collins")(Doc. No. 38) is denied. The essential facts were set forth in the June 22, 2010, order denying Widler's motion for summary judgment (Doc. No. 42) and will not be recounted herein.

Widler moves to disqualify Travis as counsel for Collins because he asserts that Travis is likely to be called as a witness for Widler at trial. Widler points out that Travis was the lawyer for Collins who wrote the September 22, 2008 letter that is at the heart of this case. He further asserts that the September 22 letter conflicts with the position now taken by Collins, and therefore Travis's testimony is critical.

In response, Collins argues that Travis's letter is consistent with his current position, that Collins is not a necessary witness, and that Travis's testimony concerning discussions with Collins about the letter are protected by attorney client privilege. In the alternative, Collins argues that because Travis is not the attorney of record, he is not an advocate within the meaning of Arkansas Rule of Professional Conduct 3.7, and therefore, he may be called as a witness.

Counsel for Widler states that in twenty-five years of law practice, he does not recall having to file a similar motion. The truth is, except out of an abundance of caution, he probably did not have to file this motion. This is the case because, although it is without question that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness," *Weigel v. Farmers Ins. Co., Inc.*, 158 S.W.3d 147, 153 (Ark. 2004), nothing in the record indicates that Travis is representing Collins herein. Therefore, he cannot be disqualified as counsel because he is not acting as counsel. Widler can subpoena Travis to testify about those matters that do not infringe on the attorney-client privilege, such as the authenticity of the September 22, 2008 letter and the contents of that letter.

Although Travis may be subpoenaed to authenticate and explain the terms of the September 22 letter, the question is why is this testimony necessary? The record is absolutely clear that he wrote the letter on behalf of Collins. Indeed, in response to the motion to disqualify, Collins does not deny that Travis wrote the letter on his behalf; he merely states that the letter does not contradict the position he is now taking. Further, the plain language of the letter speaks for itself, and therefore, an explanation of the letter's terms may be unnecessary. It is ultimately for the finder of fact to determine whether the letter's contents contradict the position now taken by Collins and therefore it is questionable whether Collins's testimony is necessary.

For all of these reasons, Widler's motion to disqualify Travis from acting as counsel for Collins (Doc. No. 38) is denied and Widler can subpoena Travis to authenticate the September 22, 2008 letter and to explain its contents.

IT IS SO ORDERED THIS 1st day of July, 2010.

_____

UNITED STATES DISTRICT JUDGE